UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 20, 2019

LETTER TO COUNSEL

> RE: *Geraldine S. v. Commissioner, Social Security Administration*;
> Civil No. SAG-18-3447

Dear Counsel:

On November 8, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 15, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on July 8, 2015, alleging an onset date of August 1, 2014. Tr. 161-67. Her claim was denied initially and on reconsideration. Tr. 79-87, 91-92. A hearing was held on July 10, 2017, before an Administrative Law Judge ("ALJ"). Tr. 25-44. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-20. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "anxiety disorder, mood disorder, and history alcohol abuse." Tr. 14. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could perform simple, routine, and repetitive tasks; adapt to routine workplace changes; and occasionally interact with supervisors, coworkers, and the public.

Tr. 16. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff did not have any past relevant work, but could perform jobs existing in significant numbers in the national economy. Tr. 19-20. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 20.

Plaintiff makes three primary arguments on appeal: (1) that the ALJ improperly substituted his own judgment for that of the State agency psychological medical experts; (2) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (3) that the ALJ failed to resolve apparent conflicts between the VE testimony and the Dictionary of Occupational Titles ("DOT"). I agree that the opinion did not comport with *Mascio*, and I therefore remand the case for further analysis.

First, Plaintiff argues that the ALJ substituted his judgment in the RFC analysis for that of the State agency mental health consultants. The RFC determination is an issue ultimately reserved for the ALJ. 20 C.F.R. §§ 416.927(d)(2), 416.946(c). An ALJ must base the RFC analysis "on all of the relevant medical and other evidence," 20 C.F.R. § 416.945(a)(3), and must assign weight to any relevant medical opinions, *see* 20 C.F.R. § 416.927(c). However, the ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec.*, Civil Case No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014). Here, the ALJ assigned "partial weight" to the opinions of the State agency mental health consultants. Tr. 18. The ALJ explained the assignment of weight by stating that the opinions "are consistent with the claimant's reports of low motivation, as well as notes by providers and her aunt suggesting she has a difficult time getting along with others. However, they do not indicate what the claimant remains able to do, nor how much, or to what degree, the claimant's symptoms would interfere with her ability to carry out simple tasks on a consistent basis." Tr. 18. While Plaintiff suggests that certain discrete findings of the mental health consultants should have been given more weight, she does not articulate why the reasons offered by the ALJ for his assignment of weight were inadequate. Accordingly, because the ALJ offered substantial evidence to support his weighing of the opinion evidence, Plaintiff's first argument fails.

Next, Plaintiff argues that the ALJ's RFC analysis failed to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting,

or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. Tr. 15. The ALJ's analysis stated:

> The claimant's social anxiety and low mood would be expected to limit her overall ability to concentrate and persist at tasks. The claimant testified that she performs her monthly chores as assigned by her residence, does laundry once weekly, and has become more timely at her self-care. She scored well on a mini-mental status evaluation, and presents as goal-directed and intelligent.

Tr. 15 (internal citations omitted). The weekly and monthly tasks cited by the ALJ are of little relevance to Plaintiff's ability to sustain work at a competitive pace over a typical workday, as they are not typically daily tasks that are sustained over eight-hour, or even two-hour, periods. In the RFC analysis, the only mention by the ALJ to Plaintiff's ability to maintain concentration, persistence, or pace was reference to a treatment note from a treating psychiatrist that Plaintiff was "distractible." Tr. 17.

The restriction to "simple, routine, and repetitive tasks" in this case is directly analogous to the limitations deemed insufficient in *Mascio*. *Mascio*, 780 F.3d at 638 (quoting *Winschel,* 631 F.3d at 1180) (finding "simple, routine tasks or unskilled work" to be insufficient to address a claimant's moderate limitations in concentration, persistence, or pace). In the absence of any additional limitation to accommodate Plaintiff's moderate difficulties maintaining concentration, persistence, or pace, *Mascio* requires that the ALJ explain why no such limitation is required. *Mascio*, 780 F.3d at 638. The ALJ has not provided such an explanation here.

The SSA attempts to distinguish *Mascio* based on the ALJ's inclusion in this case of limitations to "routine workplace changes," and only "occasional[] interact[ion] with supervisors, coworkers, and the public." EFC 18-1 at 8-9. However, the ALJ did not connect those limitations to Plaintiff's ability to maintain concentration, persistence or pace. Without any explanation from the ALJ, those limitations appear designed to address Plaintiff's limitations in, respectively, adapting or managing oneself, and interacting with others. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E) (providing an example of the area of adapting or managing oneself as "adapting to changes," and defining the area of interacting with others as "the abilities to relate to and work with supervisors, co-workers, and the public"); *see also* Tr. 15-16 (ALJ finding moderate limitations in adapting or managing oneself and interacting with others). Therefore, this case is not distinguishable from *Mascio*, and remand is warranted, although I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

Plaintiff's final argument is that the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT. Plaintiff argues that the RFC limitation to "simple, routine, and repetitive tasks" is inconsistent with the required Reasoning Level for the jobs identified by the VE. The ALJ is required to address any conflicts or apparent conflicts between the VE's testimony and the information contained in the DOT. *See Pearson v. Colvin*, 810 F.3d 204, 208-10 (4th Cir. 2015); *see also* SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A Dec. 4, 2000) ("At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.").

The VE identified three jobs when the ALJ posed the hypothetical to the VE: hand packager (DOT code 920.587-018), price marker (DOT code 209.587-034), and document preparer (DOT code 249.587-018). Tr. 41. According to the DOT the hand packager and price marker positions require a Reasoning Level of 2, and the document preparer position requires a Reasoning Level of 3. U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 920.587-018, 209.587-034, 249.587-018 (4th ed. 1991). A Reasoning Level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* App. C. A Reasoning Level of 3 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

The Fourth Circuit has found that an apparent conflict exists between a limitation to "short, simple instructions" and a Reasoning Level of 2. *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th

Cir. 2019); *see also Keller v. Berryhill*, 754 F. App'x 193, 198 (4th Cir. 2018) (unpublished) (finding apparent conflict between limitation to short and simple instructions and Reasoning Level of 3). Ultimately, because this case is being remanded on other grounds, the Court need not decide if the limitation to "simple, routine, and repetitive tasks" is analogous to the limitation in *Thomas* to "short, simple instructions," 916 F.3d at 313. However, on remand, the ALJ can consider whether an apparent conflict may exist, and whether an explanation should be elicited from a VE to explain any apparent conflict.

     For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

                                        Sincerely yours,

                                        /s/

                                 Stephanie A. Gallagher
                                 United States Magistrate Judge